1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 JUAN HERNANDEZ,                                    ) Case No.: 1:13-cv-01279 - LJO - JLT
                                                     )
12                 Plaintiff,                         ) ORDER GRANTING PLAINTIFF'S MOTION TO
                                                     ) PROCEED IN FORMA PAUPERIS
13         v.                                         )
                                                     ) (Doc. 2)
14 DEPUTY SHERIFF GARCIA, et al.                      )
                                                     ) ORDER DISMISSING PLAINTIFF'S
15                 Defendants.                        ) COMPLAINT WITH LEAVE TO AMEND
                                                     )
16 _____ )

17         Juan Hernandez ("Plaintiff") seeks to proceed with an action pursuant to 42 U.S.C. § 1983 for

18 a violation of his civil rights.  Plaintiff asserts deputies of the Kern County Sheriff's Department used

19 excessive force in the course of his arrest.  For the following reasons, Plaintiff's motion to proceed *in*

20 *forma pauperis* is **GRANTED**.  However, because Plaintiff fails to state a cognizable claim for

21 excessive force, his complaint is **DISMISSED with leave to amend**.

22 **I.        Motion to proceed in forma pauperis**

23         The Court may authorize the commencement of an action without prepayment of fees when an

24 individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25 that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26 has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28

27 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

28 *///*

1

1   **II.      Screening Requirement**

2          When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

3   shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the

4   action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . .

5   seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A

6   claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible,

7   whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*,

8   504 U.S. 25, 32-33 (1992).

9   **III.     Pleading Standards**

10         General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

11  pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short

12  and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the

13  relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P.

14  8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less

15  stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

16         A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

17  succinct manner, and identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema*

18  *N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.

19  1984).  The Supreme Court noted,

20             Rule 8 does not require detailed factual allegations, but it demands more than an
               unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
21             labels and conclusions or a formulaic recitation of the elements of a cause of action will
               not do. Nor does a complaint suffice if it tenders naked assertions devoid of further
22             factual enhancement.

23   *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted).

24  Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d

25  266, 268 (9th Cir. 1982).  The Court clarified further,

26             [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
               to relief that is plausible on its face." [Citation]. A claim has facial plausibility when
27             the plaintiff pleads factual content that allows the court to draw the reasonable
               inference that the defendant is liable for the misconduct alleged. [Citation]. The
28             plausibility standard is not akin to a "probability requirement," but it asks for more than

1
2

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

3   *Iqbal*, 566 U.S. at 678 (citations omitted).  When factual allegations in a complaint are well-pled, a

4   court should assume their truth and determine whether the facts would make the plaintiff entitled to

5   relief.  *Id.*  However, legal conclusions are not entitled to the same assumption of truth.  *Id.*  Leave to

6   amend a complaint may be granted when its deficiencies can be cured by an amendment.  *Lopez v.*

7   *Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

8   **IV.    Section 1983 Claims**

9          Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a

10   method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271

11   (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section

12   1983, which states in relevant part:

13
14
15
16

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

17   42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, a plaintiff must allege facts from

18   which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who

19   committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);

20   *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

21   **V.    Factual Allegations**

22          Plaintiff alleges he "was apprehended, arrested and book[ed] into the Kern County Sheriff's

23   Office inmate receiving Center" on March 2, 2013.  (Doc. 1 at 4).  He asserts that he suffered "brutal

24   force during the apprehension and arrest."  *Id.*  According to Plaintiff, when he "came in contact with

25   the sheriff deputies [he] was overwhelmed by fear of being arrested, so out of instinct [he] ran from

26   them."  *Id.*  He reports that he "ran about 2-3 yards" before he stopped.  *Id.*  Plaintiff alleges:

27
28

After I stopped, I immediately put my hands in the air to show them that I gave up.  Within a split second 3 deputies tackled me down on the gravel pavement.  After I was tackled to the ground the deputies began to physically harm me by punching, kneeing me all over my body including my face and head.  It went on to the degree that it made me lose consciousness.

3

1    *Id.* Plaintiff asserts that when he regained consciousness, he "immediately began to scream for help,"

2    which "antagonistically irritated" the deputies who assaulted him a second time. *Id.* at 4-5.

3    **VI.    Discussion and Analysis**

4         The Fourth Amendment provides: "The right of the people to be secure in their persons. . .

5    against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but

6    upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or

7    things to be seized." *U.S. Constitution, amend. IV*. The Supreme Court has determined claims for

8    excessive force are addressed under the Fourth Amendment, which requires the use of "reasonable"

9    force. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used

10   excessive force in the course of making an arrest, investigatory stop, or other 'seizure'… are properly

11   analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v.*

12   *Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth

13   Amendment's prohibition on unreasonable seizures").

14        Here, Plaintiff asserts officers of the Kern County Sheriff's Department used force upon him

15   after he surrendered. (Doc. 1 at 4). In addition, Plaintiff asserts the use of force continued to the point

16   that he lost consciousness. *Id.* The Ninth Circuit has determined the use of force upon a person after

17   surrender may constitute excessive force. *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir.

18   2000). Importantly, however, the Court is unable to determine which defendants may be held liable

19   for the use of excessive force. Although Plaintiff names seven "Doe" deputy defendants (Doc. 1 at 1),

20   he fails to fails to identify the three deputies who tackled him to the ground, and whether these same

21   deputies were those who began to hit Plaintiff, causing him to lose consciousness.

22        To state a claim under Section 1983, a plaintiff must allege specifically how each defendant

23   violated his rights, and link each defendant's actions to a violation of his rights. *See West*, 487 U.S. at

24   48; *Johnson v. Duffy,* 588 F.2d 740, 742 (9th Cir. 1978). In other words, Plaintiff must distinguish the

25   individuals who tackled him and/or beat him after his surrender for the Court to determine whether or

26   not Plaintiff can state a cognizable claim for the use of excessive force against each individual

27   defendant. Because Plaintiff has failed to link any of the defendants to his claim for excessive force,

28   he has failed to state a cognizable claim.

**VII.   Conclusion and Order**

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle her to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In this case, it is unclear whether Plaintiff may allege facts supporting his claim for violations of the Fourth Amendment.  Therefore, the Court will grant leave for Plaintiff to cure the deficiencies identified above by stating facts sufficient to support claims against the individual "Doe" defendants and Deputy Garcia by linking each of the defendants to his alleged injuries.  The amended pleading must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading."  As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Complaint is **DISMISSED** with leave to amend;

2.      Plaintiff **SHALL** file a First Amended Complaint within thirty days from the date of service of this Order; and

3.      Plaintiff is advised that the action may be dismissed for failure to comply with this Order. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   **October 2, 2013**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

5