UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>DEPUTY SHERIFF GARCIA, et al.<br><br>          Defendants. | Case No.: 1:13-cv-01279 - LJO - JLT<br><br>ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON HIS COGNIZABLE CLAIM |

Juan Hernandez ("Plaintiff") seeks to proceed with an action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights. Plaintiff asserts deputies of the Kern County Sheriff's Department used excessive force in the course of his arrest, and denied him medical care when he arrived for booking at the jail. For the following reasons, the Court directs Plaintiff to either (1) file a Second Amended Complaint or (2) notify the Court of his willingness to proceed only on his cognizable claim for excessive force.

**I.     Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible,

1

whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court must screen Plaintiff's First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claims in a plain and succinct manner, and identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation.] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to

relief. *Id.* However, legal conclusions are not entitled to the same assumption of truth. *Id.* Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Section 1983 Claims

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### IV.     Factual Allegations

Plaintiff alleges he was arrested by deputies of the Kern County Sheriff on March 2, 2013. (Doc. 6 at 5.) According to Plaintiff, he checked into El Dom Motel around 12:30 p.m. that day, and fifteen minutes later he heard knocking on the door of his room. (*Id.*) Plaintiff asserts he first responded verbally, but answered the door when it was knocked upon a second time. (*Id.*) He alleges Officer Garcia and Officer Money were standing at the door, and Plaintiff inquired if something was wrong or if they were searching for someone. (*Id.*) Receiving no response from the deputies, Plaintiff started to shut the door, which Plaintiff asserts made the officers angry. (*Id.* at 5-6.) He alleges Officer Garcia told Plaintiff Officer Money would kick down the door, and Plaintiff again opened the door. (*Id.* at 6.)

Plaintiff asserts that once he opened the door a second time, he observed "Officer Garcia tighten[ing] his gloves," which scared Plaintiff. (Doc. 6 at 6.) Plaintiff ran from the front door and "got 3 feet away" before he "was tackled down on to the ground." (*Id.*) Plaintiff asserts Officer Garcia

was on his right side and Officer Money was on his left side, and he "was cuffed in seconds" by Officer Money. (*Id.*) According to Plaintiff, once he was handcuffed, "Officer Garcia started punching [him] on the back of [his] head more than several times with hard punches then Money started punching [the] left side of [his] ribs." (*Id.*) Plaintiff alleges the officers' strikes made him lose consciousness. (*Id.*)

He reports that while still on the ground, he was grabbled "out of no where" by two officers, whose names are unknown and are referred to as "Doe 1" and "Doe 2." (Doc. 6 at 7.) Plaintiff alleges that "Doe 1" stood on the left side of his body while "Doe 2" stood on the right side. (*Id.*) He asserts he did not resist arrest in any way and did not put up a fight, but he received punches to the head and the right side of his body by "Doe 1" and "Doe 2." (*Id.*) Plaintiff alleges these officers threw him face-down on the ground, while he was still handcuffed. (*Id.*) He was lifted from the ground by Officer Love and Officer Garcia, and put into a patrol car. (*Id.* at 7-8.)

Plaintiff alleges that once he arrived at Central Booking, Officers Love and Garcia escorted him inside, "where [he] was not harmed." (Doc. 6 at 8.) Plaintiff asserts he was told to put both hands on a counter and stood there answering questions from Officer Ariqa. (*Id.*) He alleges an officer inquired whether "he need[ed] to see the nurse there in intake Central." (*Id.*) However, he reports that "Officer Garcia then told Office Ariqa to not let [Plaintiff] talk to nurse or to let [him] be seen by nurse." (*Id.*) Plaintiff was escorted to a holding cell without seeing a nurse. (*Id.*) Plaintiff asserts that he began to receive medical attention once arriving at the Lerdo facility. (*Id.* at 9.)

## V.     Discussion and Analysis

Based upon the above factual allegations, Plaintiff asserts the defendants are liable for using excessive force during the course of his arrest, and denying him medical care.

### A.     Excessive Force

The Fourth Amendment provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*. The Supreme Court has determined claims for excessive force are addressed under the Fourth Amendment, which requires the use of "reasonable" force. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive

4

force in the course of making an arrest, investigatory stop, or other 'seizure'… are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

Here, Plaintiff asserts defendants Garcia and Money used force upon him after he was placed in handcuffs, to the point that he lost consciousness. (Doc. 6 at 6.) In addition, Plaintiff alleges that after he regained consciousness, Officers Doe 1 and Doe 2 punched Plaintiff in head and on the right side of his body, and then threw him on the ground while he was still in handcuffs. (*Id.* at 7.) The Ninth Circuit has determined the use of force upon a person after surrender may constitute excessive force. *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000). Because defendants Garcia, Money, Doe 1 and Doe 2 used force upon Plaintiff after he was in handcuffs and was not resisting arrest, he has specifically linked each defendant's actions to a violation of his rights. *See West*, 487 U.S. at 48; *Johnson v. Duffy,* 588 F.2d 740, 742 (9th Cir. 1978). Therefore, he has stated cognizable claims for excessive use of force in violation of the Fourth Amendment.

### B. Denial of medical care

Plaintiff was a pre-trial detainee at the time of the events that form the basis of his complaint. Therefore, the proper analysis of Plaintiffs complaint of the denial of medical care is under "the more protective substantive due process standard" of the Fourteenth Amendment, rather than the Eighth Amendment. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). However, with issues related to health and safety, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson,* 290 F.3d at 1187. Therefore, the requisite standard of care is determined by applying the standards set forth by the Eighth Amendment.

#### 1. Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974

F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle,* 429 U.S. at 104).  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

In this case, Plaintiff alleges Officer Garcia instructed another officer to "not let [Plaintiff] talk to [a] nurse or let [him] be seen by a nurse." (Doc. 6 at 8.)  Although Plaintiff had lost consciousness, there is no indication he was suffering a serious medical condition when he arrived at Central Booking. He alleges that he was able to follow instructions, stand at the counter, and respond to the questions asked by Officer Ariqa.  It is not for the Court to guess the extent of his injuries, and Plaintiff does provide factual allegations to support his claim.

### 2.  Deliberate indifference

Assuming arguendo that Plaintiff established the existence of a serious medical need, he must also demonstrate the officers responded to that need with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In clarifying the culpability required for deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted). When a defendant should have been aware of the risk of substantial harm but, indeed, was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing *McGuckin*,

974 F.2d at 1060). Claims of negligence or medical malpractice are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi*, 391 F.3d at 1057. Generally, deliberate indifference to serious medical needs may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

Here, Plaintiff has not alleged any facts to support a conclusion that Officer Garcia knew he faced a risk of further harm or injury due to a lack of medical care. *See Conn v. City of Reno*, 592 F.3d 1081 (9th Cir. 2010) (deliberate indifference "requires *both* (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need *and* (b) harm caused by the indifference") (emphasis added). Therefore, Plaintiff fails to state a cognizable claim of inadequate medical care.

## VI.     Conclusion and Order

Plaintiff has stated a cognizable claim for excessive force in the course of his arrest by Officers Garcia, Money, Doe 1, and Doe 2. However, Plaintiff has not stated facts sufficient to support a claim for the denial of medical care against Officer Garcia.

Plaintiff will be given an opportunity to file a Second Amended Complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). In the alternative, Plaintiff may notify the Court in writing that he does not wish to file a Second Amended Complaint and is willing to proceed only on his claim for excessive force by Officers Garcia, Money, Doe 1, and Doe 2. At that time, the Court will recommend dismissal of the other claims and defendants, and issue summons.

Plaintiff is reminded the Court cannot refer to a prior pleading in order to make an amended complaint complete. An amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once the Second Amended Complaint is filed, the other pleadings no longer serve any function. Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading." The Second Amended Complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." In addition,

Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Within 21 days from the date of service of this order Plaintiff **SHALL**:

    a. File a Second Amended Complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court, in writing, of his willingness to proceed on the cognizable claim against Officers Garcia and Money[1].

2. **Plaintiff is warned that the action may be dismissed for failure to comply with this Order**. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   **February 7, 2014**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court cannot order service as to Defendants known only by Does.