# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY SHERIFF GARCIA, et al.<br><br>    Defendants. | ) Case No.: 1:13-cv-01279 - AWI - JLT<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) DISMISSING THE ACTION WITHOUT<br>) PREJUDICE<br>)<br>)<br>)<br>)<br>) |

Juan Hernandez ("Plaintiff") is proceeding pro se with an action pursuant to 42 U.S.C. § 1983 for a violation of his civil rights. However, Plaintiff has failed to comply with the Local Rules, failed to prosecute the action, and failed to comply with the Court's orders. Accordingly, the Court recommends the action be **DISMISSED WITHOUT PREJUDICE**.

**I.     Relevant Procedural History**

On October 3, 2013, the Court determined Plaintiff failed to state a cognizable claim and dismissed his complaint with leave to amend. (Doc. 4). The Court ordered Plaintiff to file an amended complaint within thirty days of the date of service. (*Id.* at 5.) Plaintiff failed to comply with the Court's order, and the Court issued an Order to Show Cause why the action should not be dismissed on November 7, 2013. (Doc. 5.)

In response to the Order to Show Cause, Plaintiff filed his First Amended Complaint. (Doc. 7.) The Court screened Plaintiff's First Amended Complaint, and determined he stated a cognizable claim

1

for excessive force in the course of his arrest in violation of the Fourth Amendment of the Constitution of the United States.  (Doc. 10 at 7.)  However, Plaintiff did not state facts sufficient to support his claim for the denial of medical care.  (*Id.*)  The Court granted Plaintiff twenty-one days to either file a Second Amended Complaint to cure the pleading deficiencies, or to notify the Court of his desire to proceed only on his claim for excessive force.  (*Id.* at 7-8.)

Plaintiff filed a motion for an extension of time to file an amended complaint on February 27, 2014, asserting that he anticipated being released and was "in the process of retaining legal counsel." (Doc. 11.)  The Court granted Plaintiff's request for an extension of time, and ordered Plaintiff to file a Second Amended Complaint no later than March 31, 2014.  (Doc. 12.)

On March 11, 2014, the Court's order granting an extension of time was returned as undeliverable.  However, Plaintiff personally visited the United States District Court in Bakersfield, California on March 10, 2014 and was provided a copy of the Court's order granting an extension of time.  He failed to file either a change of address form or Second Amended Complaint, and the Court issued a Second Order to Show Cause why the action should not be dismissed for Plaintiff's failure to prosecute and failure to comply with the Court's order on April 9, 2014.  (Doc. 13.)  Again, the Court's order was returned as undeliverable on April 14, 2014.

On April 28, 2014, Plaintiff again visited the courthouse in Bakersfield, California.  Plaintiff inquired about the status of his action, and acknowledged that he had failed to file a change of address. The Courtroom Deputy provided Plaintiff with a copy of the Court's Order to Show Cause.

Plaintiff filed a motion for an extension of time to file a Second Amended Complaint on May 7, 2014, asserting that he had been "really busy working in [his] new job" and wanted additional time to "gather evidence."  (Doc. 14.)  The Court granted Plaintiff's motion in part, giving him fourteen days to file a Second Amended Complaint or notify the Court that he would proceed only on his claim for excessive force. (Doc. 15.)   Further, the Court informed Plaintiff that "**failure to comply with this order will be deemed an abandonment of this litigation and result in a recommendation that this matter be dismissed**."  (*Id.* at 2, emphasis in original.)  The Order was returned as undeliverable on May 20, 2014.  Plaintiff's current mailing address remains unknown.

///

## II. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the document was returned as undeliverable, Plaintiff has failed to comply with the Local Rules.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). The risk of prejudice to the

defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff has received several warnings that the Court may dismiss the action for failure to prosecute and failure to comply with its Orders (Doc. 5 at 1-2; Doc. 10 at 8; Doc. 13 at 1-2; Doc. 15 at 2.), which satisfy the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV.     Findings and Recommendations

Plaintiff has failed to follow the requirements of the Local Rules, failed to prosecute the action, and failed to comply with the Court's orders.  The Court will not, and cannot, hold the case in abeyance while waiting for him to notify the Court of a change in address.  As set forth above, the factors articulated by the Ninth Circuit weigh in favor of dismissal, and no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 30, 2014**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE